## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Steven Hebert, | : |
| | : |
| | : |
| | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| | : |
| Tri-Financial, | : |
| | : |
| | : |
| Defendant. | : |

## COMPLAINT

For this Complaint, the Plaintiff, Steven Hebert, by undersigned counsel, states as follows:

### JURISDICTION

1.    This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

### PARTIES

3.    Plaintiff, Steven Hebert (hereafter "Plaintiff"), is an adult individual residing in Fitchburg, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.    Defendant, Tri-Financial (hereafter "Defendant"), is a company with an address of 286 Schenck Street, Suite A, North Tonawanda, New York 14120, operating as a collection

agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.      The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6.      Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.      Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8.      The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9.      On June 1, 2009, the Defendant called the Plaintiff's mother and informed her that they were calling from the "pre-litigation department" with respect to her son, the Plaintiff.

10.      The Defendant called the Plaintiff and left voicemail messages stating that a "claim" had been "documented" against him and that it would be sent for "processing" in the "county of the jurisdiction" in which the Plaintiff was located.

11.      The Defendant called again and left the Plaintiff another message stating that the "document had been notarized" and sent to the "jurisdiction" for filing.

12.      The Defendant thereafter left the Plaintiff a message stating that he had contacted the Plaintiff's relatives and the Plaintiff's mother and that he knew the Plaintiff was available because the Defendant had been on the phone with the Plaintiff's mother when the Plaintiff called his mother.

2

13.     The Defendant further told the Plaintiff that he should call immediately if wanted a "voluntary resolution" to a "civil judgment."

14.     The Defendant then contacted the Plaintiff's sister and the Plaintiff's mother again, and informed the Plaintiff's mother that it would be his last attempt to reach a resolution before "papers were filed."

15.     The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

16.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17.     The Defendant informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt, in violation of 15 U.S.C. § 1692b(2).

18.     The Defendant contacted third parties in regards to the Plaintiff's debt more than once, without being asked to do so, in violation of 15 U.S.C. § 1692b(3).

19.     The Defendant communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

20.     The Defendant threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

21.     The Defendant employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

22.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

23.     The Plaintiff is entitled to damages as a result of Defendant's violations.

**COUNT II**

**VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT,
M.G.L. c. 93A § 2, *et seq.***

24.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     The Defendant employed unfair or deceptive acts to collect the debt, in violation of M.G.L. c. 93A § 2.

26.     Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 11 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

**COUNT III**

**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

27.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.     The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

29.    Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

30.    Defendant intentionally intruded upon Plaintiff's right to privacy by harassing Plaintiff with telephone calls and by contacting third parties with respect to the debt.

31.    The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second*, § 652(b) requirement for an invasion of privacy.

32.    The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

33.    As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

34.    All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

5

4.  Double or treble damages plus reasonable attorney's fees pursuant to M.G.L.
    c. 93A § 3(A);

5.  Actual damages from Defendant for the all damages including emotional
    distress suffered as a result of the intentional, reckless, and/or negligent
    FDCPA violations and intentional, reckless, and/or negligent invasions of
    privacy in an amount to be determined at trial for Plaintiff;

6.  Punitive damage; and

7.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 4, 2009

Respectfully submitted,

By _____

Sergei Lemberg
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorneys for Plaintiffs
B.B.O. No. 650671